IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD R. HESS,

    Plaintiff(s),

v.

BOROUGH OF BLAIRSVILLE, ET AL.,

    Defendant(s).

09cv0935
**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS TO DISMISS (DOCS. NO. 16, 20)**

Before the Court are the Motion to Dismiss (Doc. No. 16) filed by Defendants Borough of Blairsville and the five Defendants who are Borough Council members (Mary Ugoletti, Charles Lydic, Joseph Caugherty, Andrew Baker and Timothy Evans), and the Motion to Dismiss (Doc. No. 20) filed by defendant Michael LaMantia.  After careful consideration of the motions to dismiss, plaintiff's responses, and the briefs in support and in opposition, the Court will grant the motions in part and deny in part.

**Rule 12(b)(6) Standards**

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803263, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

**Claims Dismissed**

Initially, plaintiff agrees with defendants on certain issues, as does this Court. Thus, the Court will dismiss the punitive damages against defendant Lamantia in his official capacity[1] and will dismiss plaintiff's claims under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. against all defendants at Count III.

---

[1] The defendants who are Borough Council members have not moved to dismiss the official capacity claims against them. See *Swedron v. Baden Borough*, 2008 WL 5051399, *4 (W.D.Pa. 2008) ("[O]fficial capacity claims against the chief of police and the individual police officers are redundant of the claims against Baden Borough. While the redundancy does not necessarily require the Court to dismiss the unnecessary official capacity claims, . . . Court will exercise its discretion to dismiss the redundant official capacity claims against the individual defendants in this case because they are unnecessary clutter and are likely to be confusing to a jury called upon to sort out their official versus individual liability.").

**Remaining Claims**

Both motions to dismiss raise the same challenges to plaintiff's various claims for: violation of his right to procedural due process pursuant to 42 U.S.C. § 1983, at Count I against the Borough only; conspiracy to deprive plaintiff of his right to procedural due process, at Count II against all defendants in their official and individual capacities; breach of contract under Pennsylvania common law and violation of the Pennsylvania Wage and payment Collection law, at Count III against the Borough; and violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1241 et seq., at Count IV against all defendants. Several of the challenges are predicated on defendants' argument that plaintiff's last employment contract with the Borough was null and void.

The argument is that the contract purports to extend from October 1, 2007 for a period of seven years and 10 months, which means that the 2007 Borough Council unlawfully attempted to bind the current council, which includes several new members, to an employment contract. The authority relied upon by defendants for the proposition that a municipality may not enter into a valid agreement extended into the term of a newly elected governing body is of dubious persuasion, but the Court need not address the matter because I agree with plaintiff and with the Chief Judge of this district that, under Pennsylvania contract law, "a municipal body may ratify a contract even if the contract, as initially executed, was put in place in contravention of law." See *Perrett v. Harmar Tp.*, 2008 WL 3457014, *10 (W.D.Pa. 2008), citing *City of Scranton v. Heffler, Radetich & Saitta, LLP*, 871 A.2d 875, 880-81 (Pa.Cmwlth. 2005) ("ratification may be made by the affirmative action of the proper officials or by any action or inaction which, under the circumstances, amounts to an approval of the contract.").

In this case, the complaint alleges that plaintiff worked under the employment agreement from its effective date of October 2007 through June 17, 2009, when he was unceremoniously terminated from employment by the current council. Defendants assert that plaintiff worked under this agreement for only three months of the previous council's term of office. Defendants' Brief in Support of Motion to Dismiss (Doc. No. 17), at 7. Stated otherwise, plaintiff worked from January 2008 through June 17, 2009, pursuant to the contract, or some 18 months of the current council's term of office. Council's inaction for 18 months certainly ratified plaintiff's employment contract, even if it had been null and void at the outset.

Defendants' argument that plaintiff has no protected property interest in his employment that would sustain a procedural due process claim must be rejected, based upon the Court's ruling that there was a valid employment contract.

Defendants' argument that plaintiff has not stated a claim under the Pennsylvania Whistelblower Law is rejected because the complaint states sufficient facts in support of this claim to relief that is plausible on its face. At this early stage of the proceedings, prior to discovery, the Court cannot say that the facts alleged in plaintiff's complaint for violation of the Pennsylvania Whistleblower Law do not rise above the speculative level or that they do not support this cause of action.

For the foregoing reasons, defendants' motions to dismiss (Docs. No. 16, 20) are GRANTED in part and DENIED in part, as more fully described above;  defendants' motions to dismiss the Whistleblower Law claim at Count IV are DENIED without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

SO ORDERED this 25th day of August, 2009

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties